UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-CV-00250-HAB-JPK |
| ) | |
| SUMMIT, INC. and PETER ) | |
| COULOPOULOS, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S FINDINGS AND REPORT AND RECOMMENDATION
ON MOTION FOR DEFAULT JUDGMENT**

On January 6, 2022, the Magistrate Judge entered combined Findings and a Report and Recommendation (R & R) (ECF No. 35), recommending the Court grant the Government's Motion for Default Judgment on the terms set out in the R & R (ECF No. 26). Defendants Summit, Inc. and Peter Coulopoulos ("Defendants") now seek review of the Magistrate Judge's R & R pursuant to Federal Rule of Civil Procedure 72(b)(2). (ECF No. 38). The parties have fully briefed the Defendant's objections. (ECF Nos. 38–40). Having considered the Defendants' objections and conducted the de novo review required under Rule 72(b)(3), the Court adopts the R & R in its entirety and GRANTS the Government's Motion for Default Judgment.

**DISCUSSION**

**A.** *Standard of Review*

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur*

*v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

**B. Discussion**

This case is an enforcement action under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901, *et seq.,* brought by the Government against the Defendants. An EPA administrative enforcement action that resulted in a Consent Judgment preceded this lawsuit. The underlying facts and procedural history are detailed in the Magistrate Judge's R & R, at pages 4-16. Suffice it to say, this case has lingered without much activity for nearly 3 years. Indeed, the Government filed its Complaint alleging that Defendants violated specific provisions of the RCRA

2

in July 2019. Defendants were served copies of the Summons and Complaint in August 2019. Despite having been served, the Defendants have been absent in this suit until the R & R recommending that the Court grant a default judgment against them was issued on January 6, 2022. At that point, they retained counsel who has now objected to the R & R. The Defendants' objections are not substantive objections; they do not challenge the legal reasoning of the Magistrate Judge nor do they object to the facts set out in the R & R. Instead, their response is "we thought the case had settled," so we ignored the lawsuit and the Court.

The Magistrate Judge's R & R is a thorough 46-page assessment of the case and underscores the efforts undertaken to ensure Defendants had not only notice of the events in the case but ample time to respond. The Magistrate Judge wrote:

> Defendants were served with the Summons and Complaint, and yet in the more than two years in which the case has been pending they have not formally appeared or taken any action in the lawsuit, despite engaging in discussions with the government outside of court. Moreover, in the six months that have passed since Defendants were served with the government's motion for default judgment, Defendants have not moved to set aside the March 8, 2021 entry of default. In failing to "exercise even a minimal level of diligence," Defendants have displayed such a "continuing disregard" for this lawsuit that the Court infers "a willful refusal to litigate the case properly."

R & R at 19. The Magistrate Judge went on to find a default judgment was warranted.

Defendants appear to challenge this determination in their objections. They assert that the failure to obtain counsel and appear until after the R & R was issued is excusable because "they were under the impression that a settlement had been reached" and they opted to expend sizable funds to implement the settlement rather than retain counsel to defend against this action. (ECF No. 38 ¶ 18). However, Defendants have not provided any evidence of a settlement having been reached in this matter and, even if one had been reached, they could not simply ignore the ongoing lawsuit and hope it went away. Further, the Government is adamant that while settlement

3

negotiations occurred before and after the suit was filed, a final settlement was never reached and no settlement agreement was ever drafted.

Remarkably, despite the Magistrate Judge's finding willful conduct by the Defendants and receiving a recommendation that default judgment be entered against them, the Defendants have *still* not moved to set aside the entry of default in this case, perhaps for good reason. *See Labarbera v. Interstate Payroll Co., Inc.*, 2009 WL 1564381, at *2 (E.D.N.Y. June 2, 2009) (finding objection to R & R recommending default judgment due to "extensive settlement discussions" is not a true objection but "a procedurally improper request for vacatur of the Court's entry of default.).

Even if a proper motion to vacate the entry of default were before the Court, however, the Court would not grant it. Federal Rule of Civil Procedure 55(c) states in relevant part that "[t]he court may set aside an entry of default for good cause." The Seventh Circuit has interpreted this rule to require a party seeking to vacate a default order under Rule 55(c) to show: "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (internal citations and quotation marks omitted). Defendants are hard-pressed to demonstrate any of these elements.

Default was entered twice in this case – on January 29, 2020, and again on March 8, 2021. Far from taking quick action to correct the default, Defendants have done nothing. Their objections to the R & R do not appear to raise any meritorious defense to the merits. And, they have cited to no authorities that allow a party to deliberately choose to ignore a lawsuit under the circumstances they allege here. Defendants had many options over the years – they could have asked the Court to stay the case to negotiate and finalize the settlement; they could have responded to the Complaint and challenged the merits; they could have sought dismissal because a settlement had been

4

reached, as they now claim. Doing nothing, however, was the option they chose. See *Labrera*, 2009 WL 1564381, at *2 ("[D]efendants' willful choice to ignore this litigation in the hopes that it would be resolved out of court is not good cause."). By relying on an unfinalized settlement as an excuse for failing to fulfill its responsibilities to the Court, however, Defendants have failed to protect their own interests in this litigation. *See Simon v. Pay Tel Mgmt., Inc.*, 782 F.Supp. 1219, 1226 (N. D. Ill. 1991) (refusing to vacate default judgment); *Brand v. NCC Corp.,* 540 F.Supp. 562, 564 (E. D. Pa. 1982) (defendant was not entitled to vacation of a default judgment where it intentionally decided to ignore court action and instead engaged counsel to negotiate settlement but not to litigate); see also *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 229 (7th Cir. 1991) (where a party willfully abdicates its responsibilities to the court, relief from judgment is not warranted). Thus, after a de novo review of the procedural portions of the R & R, substantial evidence supported the Magistrate Judge's determination that the Defendants' willfully defaulted. Defendant's objection to the R & R is, therefore, OVERRULED.

Additionally, this Court has reviewed the remainder of the Magistrate Judge's R & R as well as the full record before the Court for clear error. As noted, Defendants have not challenged the substance or merits of the Magistrate Judge's R & R. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739. Because the Defendants willfully did not appear and defend and the Magistrate Judge determined that the Government established the substantive elements of its claims, the Court finds the reasoning and conclusion of the R & R to be sound. There is no clear error as to the Magistrate Judge's findings or conclusions.

## C.  Conclusion

For the stated reasons, the Court adopts the R & R entered by Magistrate Judge Kolar on January 6, 2022 (ECF No. 35), in its entirety. The Court overrules Defendants' objections to the R & R. (ECF No. 38). The Court GRANTS the Government's Motion for Default Judgment on the terms set forth at pages 43 through 45 of the R & R. The Clerk is DIRECTED to enter judgment in favor of the Government and against the Defendants.

SO ORDERED on June 10, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT