UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>v.                                        )<br> )<br>SUMMIT, INC. and )<br>PETER COULOPOULOS, )<br>    Defendants. ) | Case No. 2:19-CV-250-HAB-JPK |

**OPINION AND ORDER**

This matter is before the Court on the United States of America's motion for contempt (DE 67) against Defendants Summit, Inc. (Summit) and Peter Coulopoulos. Nearly three years have elapsed since the Court's Default Judgment Order (DE 41) ordered Summit to pay $350,954.27 to the United States of America, as initially set forth in the Report and Recommendation (R&R) (DE 35). To this day, Summit has paid nothing. Accordingly, the Court **GRANTS** the motion as to the payment and finds Summit in contempt. As for the injunctive orders against Summit and Coulopoulos, the motion is **DENIED WITHOUT PREJUDICE**.

A few words on the history of this case. The EPA initiated an administrative enforcement action against Summit on March 17, 2014. Defendants signed the Consent Agreement and Final Order (CAFO) on March 8, 2016, which included a plan to bring Summit into compliance with environmental laws and regulations. (DE 1-2 ¶¶ 13-14). The CAFO also required Summit to pay a $263,375 civil penalty no later than April 9, 2016. (DE 1-2 ¶¶ 7-9; DE 27-1 ¶ 13). In the first instance of a now familiar pattern, Summit did not pay the penalty on time, or for that matter, at all.

On July 12, 2019, the government initiated this litigation, asserting that Defendants violated the CAFO's compliance plan and the Resource Conservation and Recovery Act (RCRA),

and explaining that Defendants never paid any portion of the civil penalty. (DE 1). After Defendants failed to appear—despite clear evidence that they were properly served and aware of the litigation—the government moved for default judgment. (DE 36). The R & R on the motion concluded that Defendants had violated the CAFO and RCRA and that injunctive relief was appropriate to bring them into compliance. (DE 35 at 43-45). The R & R further observed that Summit had agreed in the CAFO that it would owe an additional amount, including interest, if it did not pay the civil penalty by April 9, 2016. (DE 35 at 38). Consequently, the R & R determined that the government was entitled to a $350,954.27 monetary judgment against Summit. (DE 35 at 38-39).

On June 10, 2022, the Court adopted the R & R and entered the Default Judgment Order against Defendants. (DE 38 at 1). Specifically, the Court required Defendants to take planning, labeling, and closure measures to address the environmental risks from Summit's ongoing violation of the CAFO and RCRA. (DE 35 at 43-45). The Court also ordered that Summit (not Coulopoulos) pay $350,954.27 "to the United States of America by electronic funds transfer in accordance with payment instructions from the United States Attorney's Office for the Northern District of Indiana." (DE 38 at 1). But Summit, again, did not pay.

On March 8, 2024, the government filed the instant motion for contempt, contending that Defendants had not abided by the injunctive relief ordered by the Court and had not paid any portion of the penalty. (DE 67). The Court held hearings related to the motion on August 20, 2024, October 9, 2024, and March 14, 2024. (DE 81, 85, 95). At the March 14, 2024 hearing, the Court ruled that Summit was in contempt, and indicated an order would follow. (DE 95).

To succeed on the motion for contempt, the government must show that: (1) the Court's Default Judgment Order sets forth an unambiguous command; (2) Defendants violated that

command; (3) Defendants' violation was significant, meaning it did not substantially comply with the Order; and (4) Defendants failed to take steps to reasonably and diligently comply with the Order. *F.T.C. v. Trudeau*, 589 F.3d 754, 763 (7th Cir. 2009) (quoting *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

This framework is easy to apply to Summit's nonpayment of the penalty. The Default Judgment Order told Summit exactly what it owed and how to pay it. Summit acknowledges that it has not paid a dime; not in 2022, not in 2023, not in 2024, and still not in 2025. That is a significant violation of the Court's unambiguous order. In other words, that is contempt.

Defendants have argued that Summit is unable to pay the civil penalty. "Where there has been no effort at even partial compliance with the court's order, the inability-to-pay defense requires a showing of a complete inability to pay; [Summit] had the burden of establishing clearly, *plainly,* and *unmistakably* that compliance is impossible." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 712 (7th Cir. 2014) (cleaned up) (emphasis in original). Summit has made no effort whatsoever at complying with the Court's payment order, and it has not presented any evidence that compliance is impossible, let alone clear, plain, and unmistakable evidence. Blanket assertions and stall tactics are not enough.

Indeed, although the clock for contempt begins with the Court's June 2022 Default Judgment Order, the Court cannot ignore that Summit has been dodging its payment obligations for *nearly nine years*. It defies belief that Summit could continue to operate over that period while being so financially destitute that it was unable to pay any portion of the penalty. The payment delay is also troubling in light of the government's allegation at the March 14, 2024 hearing that Summit has made seven-figure expenditures in recent years. The Court awaits further factual

development of that issue, but regardless, the burden here is on Summit, not the government. Summit has not even attempted to meet its burden.

As noted above, the government's motion also alleged Defendants' noncompliance with the Court's injunctive relief. The details of the dispute are well known to the parties and need not be described here. Although Defendants' behavior in this litigation leaves the Court with little confidence that they are making a good faith effort at compliance, the Court refrains from finding contempt on the current evidentiary record. Instead, the Court steps in to provide clarity on Summit's cut-and-dry violation of the payment order. The government is advised that it may renew its motion for contempt if it continues to believe that Defendants are not following the court's injunctive orders.

As for the remedy, the Court has wide latitude in devising civil contempt sanctions "to coerce a recalcitrant party ... to comply with an express court directive." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001); *see also Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988) ("A court has broad discretion to fashion a remedy based on the nature of the harm and the probable effect of alternative sanctions."). A future hearing will follow on what sanctions, if any, should be imposed against Summit.

In the interim, the Court notes that one of the disagreements between the parties is whether Summit's facility constitutes "a large quantity generator of hazardous waste" under RCRA and the applicable regulations. As an interim sanction, the Court orders that Summit must abide by all regulatory requirements for large quantity generators of hazardous waste, except for formally identifying the facility as such to the EPA and IDEM. After Summit has repaid the penalty in full, the Court will determine if the interim sanction should remain in place. In other words, until

4

Summit fulfills its payment obligations, it shall abide by the requirements imposed on large quantity generators of hazardous waste under RCRA.

This case has been marked by unacceptable delays and noncompliance. At nearly every turn, Defendants have used delay tactics to evade accountability. The Court hopes that Defendants are aware that additional consequences are likely to follow, and those sanctions will be more severe if stalling and delay tactics continue.

Accordingly, the Court hereby **GRANTS** the United States's Motion for Contempt (DE 67) as to Defendant Summit, Inc.'s failure to pay the $350,954.27 civil penalty (and any additional interest now due). It is **ORDERED** that Defendant Summit, Inc. is in contempt. And, it is **FURTHER ORDERED** that until the civil penalty is repaid in full, Summit, Inc. must abide by all requirements of a large quantity hazardous waste generator, except identifying its facility as such to the EPA and IDEM.

Finally, the Court **DENIES WITHOUT PREJUDICE** the remainder of the United States's Motion for Contempt as it pertains to injunctive relief and Defendant Peter Coulopoulos.

So ORDERED this 18th day of March, 2025.

s/ Joshua P. Kolar<br>
Joshua P. Kolar<br>
Judge, United States Court of Appeals<br>
for the Seventh Circuit